UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earnest Edward Vaughn, Sr., <br> *aka* Earnest E. Vaughn, <br> *aka* Earnest E. Vaughn, Sr., <br><br> Plaintiff, <br><br> v. <br><br> Greenwood County Detention Center; <br> NFN Lewis, Sargent; <br> Doctor Gondoneer, *formerly known as* Dr. John Doe; <br> NFN McFadden, Nurse, <br><br> Defendants. | ) C/A No. 8:07-1385-TLW-BHH <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The plaintiff, Earnest Edward Vaughn, Sr. ("Plaintiff'), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is detained at the Greenwood County Detention Center, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants persons that work at the detention facility.[2] Plaintiff claims deliberate indifference to a serious medical need in relation to a spider bite. Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*.  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint claims the defendants violated the plaintiff's constitutional rights by denying him necessary medical care after a spider bit his arm. The plaintiff claims he was bitten by a spider on April 26, 2007 at 8:30 p.m. The officer on duty "called Nurse McFadden at home" and she advised giving the plaintiff "an alcohol pad" and she would see the plaintiff in the morning. Officers checked on the plaintiff about an hour later at 9:30 p.m. and the plaintiff states a "knot had started." Plaintiff "began to squeeze it and yellow stuff came out." At approximately 10:30 p.m. Plaintiff felt sick and requested to go to the hospital. After consulting Nurse McFadden, Defendant Lewis refused to transport the plaintiff to the hospital. The plaintiff claims he vomited around 12:30 a.m., about four hours after being bit by the spider. Throughout the night, the plaintiff "continued to squeeze the place where I was bit, until more yellow stuff then blood" came out. The following morning,

April 27, 2007, at 8:00 a.m., the plaintiff consulted Nurse McFadden, who gave him a topical antibiotic cream. The plaintiff saw the doctor on May 1, 2007, three days after being treated with the cream. The plaintiff alleges the doctor talked to him, but did not look at his arm where he was bit. The plaintiff fails to state a claim for deliberate indifference to a serious medical need pursuant to 42 U.S.C. § 1983.

## Discussion

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[3] In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. The complaint alleges that immediately upon being informed of the spider bite, a consultation with Defendant McFadden was made to obtain medical advise. Within an hour of being bit by a spider, officers checked on the plaintiff. Even though plaintiff's request to go to the hospital was denied, the decision was made only after another medical consultation with Nurse McFadden. In less than twelve hours after being bit by the spider, the plaintiff was seen by Nurse McFadden and given antibiotic cream to put on the bite. The plaintiff was then seen three days later by a doctor.

---

[3]The plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because the plaintiff is a pre-trial detainee confined at the Greenwood County Detention Center. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.")

4

Although on the night the bite occurred, the plaintiff vomited and "squeezed yellow stuff" from the bite, no other injury is alleged. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994)(collecting cases). The plaintiff clearly received medical attention, in a timely manner, for the spider bite on his arm. The defendants were not deliberately indifferent to the plaintiff's serious medical need. The plaintiff fails to state a claim upon which relief may be granted.

In as much as the Plaintiff's allegations could be construed as claiming negligence or incorrect medical treatment, they are not actionable under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of statelaw. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, a § 1983 action may not be based only on a violation of state law or on a state tort. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983

for negligent conduct[.]").  Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983.  *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Negligence and medical malpractice are not constitutional violations and do not state a claim under § 1983.  The complaint in this case should be dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process.  **Plaintiff's attention is directed to the important notice on the next page**.

Respectfully submitted,


s/Bruce Howe Hendricks
United States Magistrate Judge

May 29, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).